

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

NINA WINSTON, Administrator of the
Estate of DAVID WINSTON, Deceased,

Plaintiff,

v.

MARTINAIR, INC., CESSNA AIRCRAFT
COMPANY, GOODRICH CORPORATION,
CIRCUIT CITY STORES, INC. and
TEXTRON, INC,

Defendants.

No. 06 C 5130
Judge James B. Zagel

## MEMORANDUM OPINION AND ORDER

Nina Winston has filed a wrongful death suit and a survival suit on behalf of her deceased husband, David, against Defendants Martinair, Inc., Cessna Aircraft Company, Textron, Inc., Goodrich Corporation, and Circuit City based on theories of negligence and products liability. Cessna has filed this Motion to Dismiss for lack of personal jurisdiction and for improper venue under Rules 12(b)(2) and (3) of the Federal Rules of Civil Procedure. In the alternative, Cessna and Textron asked that venue be transferred to the Federal District of Colorado, pursuant to 28 U.S.C. §1404(a). For the following reasons, Cessna's motion is Granted.

**HISTORY**

On February 16, 2005, a Cessna Citation 560 airplane, owned and operated by Circuit City, crashed in Pueblo County, Colorado. David Winston, a management consultant and an Illinois resident, was a passenger on the ill-fated Cessna Citation 560 aircraft traveling from Richmond, Virginia, destined for Santa Ana, California. During the landing attempt at Pueblo Memorial

Airport, the aircraft crashed in an open field. The impact of the crash and subsequent fire destroyed the aircraft, killing all on board. At the time of his death, Mr. Winston was working on a project for Circuit City. Mrs. Winston alleges that the aircraft was "in an unreasonably dangerous condition" when it left Cessna's control.

Cessna, a Kansas corporation with headquarters in Kansas, is a wholly owned subsidiary of Textron, Inc. Both corporations maintain separate books and records and observe corporate formalities. Cessna has an agreement with Elliot Aviation, a full service business aviation center in Moline, Illinois, authorizing Elliot Aviation to "refurbish and sell pre-owned Citations that have been taken in trade by Cessna for new Citations." Cessna also advertises three pilot training centers located in Illinois on its website as "Cessna Pilot Centers." However, none of these businesses are owned by Cessna.

## DISCUSSION

### Motion to Dismiss

A motion to dismiss tests the sufficiency of a complaint, not the merits of a case. *Autry v. Northwest Premium Servs., Inc.*, 144 F.3d 1037, 1039 (7th Cir. 1998). I should grant Cessna's motion only if Mrs. Winston cannot prove any set of facts in support of her claims that entitle her to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Furthermore, I must accept all well-pleaded factual allegations in the complaint as true, drawing all reasonable inferences from those facts in Mrs. Winston's favor. *Cleveland v. Rotman*, 297 F.3d 569, 571 (7th Cir. 2002). I may only grant Cessna's motion if "no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spaulding*, 467 U.S. 69, 73 (1984).

At this stage of the litigation, the complaint should not be dismissed if it simply fails to allege personal jurisdiction. *See Purdue Research Foundation v. Sanofi-Synthelabo, S.A.*, 338 F.3d

773, 782 (7th Cir. 2003). However, once a defendant moves for dismissal based on lack of jurisdiction, "the plaintiff bears the burden of demonstrating the existence of personal jurisdiction." *Id.* When a district court rules on such a motion without an evidentiary hearing, "the plaintiff 'need only make a prima facie case of personal jurisdiction.'" *Id.* (quoting *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 713 (7th Cir. 2002)). Once the defendant submits evidence opposing the exercise of jurisdiction, "the plaintiff must go beyond the pleadings and submit affirmative evidence supporting the exercise of jurisdiction." *Id.* at 783. Bearing these principles in mind, I now consider whether this court may exercise either specific or general jurisdiction over Cessna.

**Specific Jurisdiction**

A district court sitting in diversity has personal jurisdiction over a non-resident defendant only if a court of the forum state would have jurisdiction. *Purdue*, 338 F.3d at 779. Determining whether an Illinois court would have jurisdiction over Cessna is a two-step process. First, I must determine whether the Illinois long-arm statute, 735 ILCS 5/2-209, allows the exercise of personal jurisdiction over Cessna. Then I must decide whether Cessna had sufficient minimum contacts, required by the Due Process Clause, with Illinois. *Turnock v. Cope*, 816 F.2d 332, 334 (7th Cir. 1987); *see also World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980). I will address the issue of whether Cessna has the requisite minimum contacts first.

Due process requires that a non-resident, non-consenting corporate defendant have minimum contacts with the forum state "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984) (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). However, minimum contacts alone are not enough. The litigation must "arise out of" the defendant's contacts with the forum state. *Id.* This is known as specific jurisdiction. *Id.* at n.8.

Page 3 of 8

In such a case, "the inquiry here must focus on whether it is fundamentally fair to require the defendant to submit to the jurisdiction of the court *with respect to this litigation.*" *Purdue*, 338 F.3d at 780 (emphasis in original).

Mrs. Winston alleges that Cessna's contacts with Illinois, namely the Cessna Pilot Centers and the agreement with Elliot Aviation, are sufficient minimum contacts. She also alleges that those contacts are related to the issues presented in this case. I do not believe that any of those proffered contacts are directly related to the controversy before me. The flight in question originated in Virginia and crashed in Colorado on its way to California. She does not claim that the aircraft was sold at Elliot Aviation, nor does she claim that the pilot was trained at one of the Cessna Pilot Training Centers located in Illinois. There is no evidence, nor is there an allegation, that the aircraft entered Illinois at any point. Thus, the flight itself is not related to Cessna's Illinois contacts. The amended complaint alleges various theories of products liability, but Mrs. Wilson has not offered evidence linking those alleged defects to Cessna's contacts with Illinois.

It is not entirely clear what kind of connection "between a cause of action and a defendant's contacts with a forum is necessary" for specific jurisdiction. *Helicopteros*, 466 U.S. at 415 n.10. Nevertheless, Mrs. Winston makes no attempt to connect either the pilot training centers or the relationship with Elliot Aviation to the present cause of action. She only asserts conclusively that Cessna's contacts with Illinois are *"related to* the issues at bar." That is not the appropriate standard. Cessna's contacts with Illinois must be related to the occurrence at issue, namely the plane crash in Colorado, in order for this court to exercise specific jurisdiction over Cessna. *See RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272 (7th Cir. 1997) (holding that, although defendant had contacts with the forum state and with the plaintiff, those contacts were not related to discrete controversy before the court and could not be the basis for specific jurisdiction). The exercise of

Page 4 of 8

specific jurisdiction in this case would violate the Due Process Clause.

Because I find that the action is not sufficiently related to Cessna's contacts with Illinois to warrant the exercise of specific in personam jurisdiction, I need not make a determination about the Illinois long-arm statute.

**General Jurisdiction**

The jurisdictional inquiry is not limited to specific jurisdiction. A state court may subject a non-resident, non-consenting defendant to personal jurisdiction even when the cause of action does not arise out of or relate to the defendant's activities in the forum state. *Helicopteros*, 466 U.S. at 414. However, those contacts must be "continuous and systematic." *Id.* at 415 (quoting *Perkins v. Benguet Consolidated Mining Co.*, 342 U.S. 437, 438 (1952)). The continuous and systematic contacts standard under general jurisdiction is "considerably more stringent" than the minimum contacts standard under specific jurisdiction. *Purdue*, 338 F.3d at 787. The Seventh Circuit has held that "[t]hese contacts must be so extensive to be tantamount to [the defendant] being constructively present in the state to such a degree that it would be fundamentally fair to require it to answer in [the state's] court in *any* litigation arising out of *any* transaction or occurrence taking place *anywhere* in the world." *Id.*

Cessna claims that, because Mrs. Winston did not allege that Cessna had continuous and systematic contacts with Illinois in her complaint, she has waived her general jurisdiction argument. That is incorrect. Cessna quotes *RAR* in support of this position, but *RAR* held that the plaintiff had waived the general jurisdiction argument because it had never raised it. *RAR*, 107 F.3d at 1277. The present situation is quite different. Mrs. Winston has alleged facts that could support a finding of general jurisdiction in her response to the present motion. In addition, a finding that Mrs. Winston had waived a general jurisdiction argument because she failed to allege systematic and

continuous contacts would plainly contradict the well-established principle that a plaintiff need not specifically allege facts supporting jurisdiction in her complaint. *See Purdue*, 338 F.3d at 782.

Although Mrs. Winston has produced evidence that Cessna has four separate business contacts with Illinois, in order for this court to exercise jurisdiction on this claim those contacts must approximate a physical presence in the state. *See id.* at 787. Although it is unclear what constitutes "continuous and systematic" contacts, some controlling authority is instructive. In *Helicopteros*, the defendant's contacts with Texas included one trip by the corporation's CEO to the state for the purpose of negotiating a contract, the acceptance of checks drawn on a Texas bank, and the purchase of helicopters manufactured in Texas. 466 U.S. at 411. The Court found that those contacts were insufficient to support general jurisdiction over the defendant. *See id.* at 418.

Cessna's contacts with Illinois are arguably more extensive than those listed in *Helicopteros*. However, the four separate business relationships alleged by Mrs. Winston are all fairly limited. Cessna does not own any of the pilot training centers. Those facilities are designated "Cessna Pilot Centers" because they sell Cessna training kits and train people to fly Cessna aircraft. Mrs. Winston has not produced evidence that contradicts Cessna's affidavits on this point. The other contact is likewise deficient. The relationship between Cessna and Elliot Aviation in Moline, Illinois, consists of an agreement that "authorizes Elliot Aviation to refurbish and sell pre-owned Citations that have been taken in trade by Cessna for new Citations." Similar to the Cessna Pilot Centers, that contact may be sufficient to support specific jurisdiction on a claim related to that particular contact, but does not meet the "considerably more stringent standard" of general jurisdiction.

The Seventh Circuit has considered whether a corporation's business relationships with a third party in Indiana were sufficiently extensive to warrant the exercise of general jurisdiction. *See Purdue*, 338 F.3d at 787-88. The relationship consisted of several confidentiality agreements

between Eli Lilly, an Indiana resident corporation, and the defendant, along with several visits to Indiana in furtherance of those agreements. *Id.* at 788. The court found that "such a collaborative effort with a single Indiana-based corporation is simply insufficient to satisfy the demanding standard set forth by the Supreme Court of the United States in *Helicopteros*." *Id.* The present case is analogous to *Purdue*. Mrs. Winston seeks to subject Cessna to this court's jurisdiction solely on the basis of Cessna's business relationships with three training facilities and with an aircraft vendor located in Illinois. There is no evidence that Cessna owns or operates any of these businesses. They are simply collaborative efforts.

Courts have enumerated other factors that are helpful in this analysis. These include: (1) whether and to what extent the defendant conducts business in the forum state; (2) whether the defendant maintains an office or employees within the forum state; (3) whether the defendant sends agents into the forum state to conduct business; (4) whether the defendant advertises or solicits business in the forum state; and (5) whether the defendant has designated an agent for service of process in the forum state. *See Interlease Aviation Investors II (ALOHA) L.L.C. v. Vanguard Airlines, Inc.*, 262 F. Supp. 2d 898, 906-07 (N.D. Ill. 2003). The first factor weighs in favor of exercising jurisdiction because Cessna does conduct some business in Illinois, illustrated by its business relationships with at least four Illinois entities. The second factor clearly weighs against finding jurisdiction. Since Mrs. Winston has not presented any evidence that Cessna sends agents into Illinois, the third factor also weighs against finding jurisdiction. The fourth factor is somewhat more complex, because Cessna advertises the existence of the Cessna Pilot Centers in Illinois on its website. This factor slightly favors Plaintiff because Cessna advertises its relationship with Illinois entities, but it is unclear whether it actively solicits business in Illinois. The final factor weighs decidedly against finding jurisdiction. Mrs. Winston has presented no evidence that Cessna has

designated such an agent in Illinois.

Mrs. Winston argues that the fact that Textron, Cessna's parent company, maintains an agent for service of process in Illinois should count toward Cessna's contacts with Illinois. However, corporate ownership alone is generally insufficient to establish jurisdiction. *Central States, Southeast and Southwest Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 943 (7th Cir. 2000). "[W]here corporate formalities are substantially observed and the parent does not exercise an unusually high degree of control over the subsidiary," the parent's contacts with the forum state will not be imputed to the subsidiary. *Id.* Here, Mrs. Winston has not alleged that Textron and Cessna have failed to observe corporate formalities, nor does she allege that Textron controls Cessna. Therefore, I cannot exercise general jurisdiction over Cessna. Since I find that the complaint must be dismissed for lack of personal jurisdiction, I need not reach the venue issue.

## CONCLUSION

Cessna's contacts with Illinois are insufficient for me to exercise jurisdiction in this case. Therefore, Cessna's motion to dismiss for lack of personal jurisdiction is granted, Cessna's motion to dismiss for improper venue is denied as moot, and Cessna's motion to transfer venue is denied as moot.

ENTER:

*James B. Zagel*

James B. Zagel
United States District Judge

Date: February 26, 2007